## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARCUS JAMES GREER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-126-CAS |
| | ) | |
| ANDREW JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Marcus James Greer, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $3.96. See 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. Id.

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement showing an average monthly balance of $19.81. The Court will therefore assess an initial partial filing fee of $3.96, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, inter alia, draw upon judicial experience and common sense. Id. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this does not mean that pro se complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional

factual allegation would have formed a stronger complaint"). In addition, affording a <u>pro</u> <u>se</u> complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He alleges that his constitutional rights were violated when he was a pretrial detainee at the Ste. Genevieve County Jail. Jail Administrator Andrew Johnson, Unknown Gubel, and Unknown Carro are named as defendants. Plaintiff sues all defendants in their individual and official capacities.

According to the complaint, the toilet in cell number 3 began leaking on June 22, 2017, and water from the leak flowed onto a walkway area. On July 15, 2017, plaintiff slipped and fell while mopping up water from the leak. Another inmate told defendants Gubel and Carro about the situation, but the defendants did not secure the area or fix the leak until July 25, 2017. Since the fall, plaintiff has suffered from headaches, back pain, and neck pain. Plaintiff also alleges that other inmates were not given slip resistant footwear. Plaintiff acknowledges that he underwent an x-ray after the fall, but he alleges that he has not seen a doctor.

Plaintiff alleges that he "filed grievances to jail staff but they provided no relief." Doc. 1 at 7. He attaches to the complaint copies of two grievance forms concerning the slick floor and his need for medical care. Both forms include a written response from a jail official. On the first form, a jail official wrote that plaintiff should submit a medical services request form for medical needs. On the second form, a jail official wrote that camera footage from the day and time in question did not show that plaintiff fell; plaintiff had been trying since before the alleged fall to get the medical department to give him prescription pain medication for his back; and that a doctor had determined that prescription pain medicine was not medically necessary. Plaintiff

seeks "injunctive and declaratory relief, as well as compensatory and punitive damages from each defendant in the sum of $25,000 each." Doc. 1 at 8.

## Discussion

The Court first addresses plaintiff's allegations concerning the water on the floor. Because plaintiff was a pretrial detainee at the time in question, his claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. Owens v. Scott County Jail, 328 F.2d 1026, 1027 (8th Cir. 2003). Plaintiff's due process rights were violated if the complained-of jail condition constituted punishment. Id. Because the Fourteenth Amendment affords pretrial detainees at least as great protection as that given to convicts under the Eighth Amendment, courts have consistently applied the Eighth Amendment deliberate indifference standard to pretrial detainee claims involving prison conditions or the denial of medical care. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014); Butler v. Fletcher, 465 F.3d 340, 344-45 (8th Cir. 2006). Conditions of confinement claims include threats to an inmate's health and safety. Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008). To prevail, plaintiff must establish an objective element, which asks whether the condition was sufficiently serious to warrant constitutional protection, and a subject element, which asks whether the defendants acted with a sufficiently culpable state of mind. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993).

The Court accepts as true plaintiff's allegations that he slipped and fell on July 15, 2017, because there was water on the floor, and there was water on the floor because a plumbing leak went unrepaired from June 22, 2017 to July 25, 2017. However, the Court concludes that plaintiff has failed to allege a condition that was sufficiently serious to warrant constitutional protection. While water on floors can be hazardous, "slippery floors constitute a daily risk faced by members of the public at large." Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004)

(holding that standing water in a prison shower was not a condition posing a substantial risk of serious harm even where the inmate was on crutches and had warned prison employees that he was at a heightened risk of falling).[1]

Plaintiff also fails to establish the subjective element – that defendants were deliberately indifferent to an excessive risk to his health or safety. Deliberate indifference requires a "highly culpable state of mind approaching actual intent." Choate, 7 F.3d at 1374. In this case, plaintiff's allegations establish at most that defendants negligently allowed a plumbing leak to remain unrepaired for a little over a month, not that they were wanton or inhumane. Mere negligence is insufficient to constitute deliberate indifference. Id. In sum, plaintiff's claims based on the wet and slippery floor conditions fail to state a violation of the Eighth Amendment or, under the same standard, the Due Process Clause of the Fourteenth Amendment.

Plaintiff also alleges that, while he received an x-ray following the fall, he has not seen a doctor. The completed grievance forms he attached to the complaint, however, indicate that plaintiff was given medical treatment, and that a doctor determined that prescription pain medicine was not medically necessary. In addition, plaintiff does not allege that any named defendant was causally linked to, or bore any personal responsibility for, denying him medical

---

[1] Other federal courts have concluded that slippery prison floors do not violate the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that slippery prison floors "do not state even an arguable claim for cruel and unusual punishment"); Lefall v. Johnson, 48 F. App'x 104 (5th Cir. 2002) (prisoner's claim that he suffered back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); Denz v. Clearfield Cty., 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F. Supp. 1215, 1216-17 (N.D. W.Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); Robinson v. Cuyler, 511 F. Supp. 161, 162-63 (E.D. Pa. 1981) (finding no Eighth Amendment violation based on slippery floor in a prison kitchen); Tunstall v. Rowe, 478 F. Supp. 87, 88, 89 (N.D. Ill. 1979) (finding no Eighth Amendment violation based on greasy prison stairway); Snyder v. Blankenship, 473 F. Supp. 1208, 1209, 1212-13 (W.D. Va. 1979) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen), aff'd, 618 F.2d 104 (4th Cir. 1980).

care.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).   Plaintiff's conclusory claim that he was somehow denied medical care is not cognizable in these proceedings.

Plaintiff also appears to attempt to allege claims on behalf of inmates in the general population.  However, plaintiff lacks standing to bring claims alleging mistreatment of other inmates, <u>see</u> <u>Martin</u>, 780 F.2d at 1337, and as a non-attorney, he lacks authorization to represent others in court.  <u>See</u> 28 U.S.C. § 1654.  Finally, while plaintiff uses the words "equal protection," he fails to allege facts that would support an Equal Protection claim.

Plaintiff also complains about the manner in which his grievances were handled.  These allegations, however, do not state substantive constitutional claims.  To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>See</u> 42 U.S.C. § 1983; <u>Hamilton v. Schriro</u>, 74 F.3d 1545, 1549 (8th Cir. 1996). There is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates one.  If a prison or jail elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim.  <u>See</u> <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (inmate's allegation that defendant's denial of his grievances failed to state a substantive constitutional claim); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. (Doc. 2)

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $3.96 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. (Doc. 4)

**IT IS FURTHER ORDERED** that plaintiff's motion for preservation of video evidence and maintenance records is **DENIED** as moot. (Doc. 5)

**IT IS FURTHER ORDERED** that plaintiff's motion to produce is **DENIED** as moot. (Doc. 6)

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

_____
 **CHARLES A. SHAW**
 **UNITED STATES DISTRICT JUDGE**


Dated this __8th__ day of November, 2017.